# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HASAN MALIK DAVIS,

    Plaintiff

v.

RENO POLICE DEPARTMENT,
RPD # 0092392C,

    Defendants

Case No.: 3:22-cv-00326-RCJ-CSD

**Order**

When Plaintiff filed this action, he was an inmate in the custody of the Washoe County Detention Facility (WCDF). He filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.)

An inmate must pay the filing fee or submit an application to proceed *in forma pauperis* (IFP) that is accompanied by a financial certificate and certified copy of his trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Plaintiff filed an IFP application, but it did not include the required inmate account statement. As such, the court denied Plaintiff's IFP application without prejudice, and gave him 30 days to file a completed IFP application with the required documents or pay the filing fee. (ECF No. 8.)

That order was returned as undeliverable. However, on October 6, 2022, Plaintiff filed a notice of change of address indicating he was no longer in custody. (ECF Nos. 9, 10.) As a result, on November 7, 2022, the court directed the Clerk to send Plaintiff the instructions and IFP application for a *non-inmate*, and gave Plaintiff 30 days to submit a completed IFP application or pay the full $402 filing fee (consisting of the $350 filing fee and $52

administrative fee). Plaintiff was cautioned that the failure to timely file a completed, updated IFP application or pay the filing fee would result in a recommendation for dismissal of this action without prejudice. (ECF No. 11.)

On November 16, 2022 and November 29, 2022, Plaintiff filed notices of change of address indicating he is once again in custody at the WCDF. (ECF Nos. 12, 13.)

On December 12, 2022, he filed a motion for appointment of counsel. (ECF No. 14.)

Plaintiff has still not filed an updated and complete IFP application or paid the filing fee. Given Plaintiff's recent change of address, the court will give Plaintiff one final opportunity to submit an updated, completed IFP application or to pay the filing fee.

With respect to Plaintiff's motion for appointment of counsel, a "person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff's motion does not address the likelihood of success on the merits. In addition, Plaintiff does not demonstrate an inability to articulate his claims or that his claims are unduly complex. Therefore, Plaintiff's motion for appointment of counsel is denied.

## CONCLUSION

Plaintiff's motion for appointment of counsel (ECF No. 14) is **DENIED**.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an **inmate**.

Plaintiff has **30 days** from the date of this Order to file an updated, complete IFP application for an inmate or pay the full $402 filing fee.

If Plaintiff files an IFP application, his submission must contain:

(1) a completed **Application to Proceed IFP for an Inmate** on the court's approved form (i.e., pages 1-3 with the inmate's two signatures on page 3);

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e., page 4 of the court's approved form); and

(3) a copy of the **inmate's jail trust fund account statement for the previous six-month period**.

If Plaintiff fails to comply with this order, the undersigned will recommend dismissal of this action without prejudice.

If Plaintiff files his updated and complete IFP application or pays the full filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will

be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

**IT IS SO ORDERED**.

Dated: December 20, 2022

_____
Craig S. Denney
United States Magistrate Judge