# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

HASAN MALIK DAVIS,

    Plaintiff

v.

RENO POLICE DEPARTMENT, et al.,

    Defendants

Case No.: 3:22-cv-00326-RCJ-CSD

**Order**

**Re: ECF Nos. 23, 24**

Plaintiff originally filed an application for leave to proceed *in forma pauperis* (IFP) and pro se civil rights complaint on July 20, 2022. At the time, he was in custody of the Washoe County Detention Facility (WCDF). (ECF Nos. 1, 1-1.)

On September 15, 2022, the court denied Plaintiff's IFP application without prejudice as it was not accompanied by the required inmate account statement. He was given a 30-day extension to file a fully complete application to proceed IFP with all of the required documents. (ECF No. 8.)

On October 6, 2022, Plaintiff filed a notice of change of address, indicating he was out of jail. (ECF No. 10.) As a result, the court sent Plaintiff the instructions and IFP application for a non-inmate and gave Plaintiff 30 days to submit the completed IFP application or pay the full filing fee. (ECF No. 11.)

On November 16, 2022, Plaintiff filed another notice of change of address, indicating he was back in the custody of the WCDF. (ECF No. 12.) As Plaintiff had not yet filed his IFP application, on December 20, 2022, the court sent Plaintiff the instructions and IFP application for an inmate, and it gave him 30 days to file the completed IFP or pay the full filing fee. (ECF No. 15.)

On January 17, 2023, Plaintiff filed a notice of change of address, indicating an address in Covington, Georgia. (ECF No. 18.)

On January 23, 2023, he filed a motion to resend all proceedings to his address in Georgia. (ECF No. 19.) On February 6, 2023, Plaintiff filed yet another notice of change of address noting a new address in Lithonia, Georgia. (ECF No. 20.) Once again, he asked the court to resend all proceedings to his new address. (ECF No. 21.) On February 14, 2023, the court directed the Clerk to send Plaintiff a courtesy copy of the docket sheet and the December 20, 2022, order to his current address. (ECF No. 22.)

On July 20, 2023, Plaintiff filed an IFP application for an inmate; however, he did not include his inmate jail trust fund account statement for the previous six-month period. (ECF No. 23.)

That same day, he filed a motion requesting the court order the U.S. Marshal to serve the summons and complaint. In that motion, Plaintiff indicated he was now a pretrial detainee in the custody of the WCDF again. (ECF No. 24.)

Under Local Rule IA 3-1, an attorney or pro se party must *immediately* file with the court written notification of any change of mailing address. Plaintiff must file a notice of change of address with the court within 14 days.

The motion to order the U.S. Marshal to serve Defendants will be denied because Plaintiff has not yet submitted a complete IFP application and, as discussed *infra*, the court will need to screen Plaintiff's complaint before the issue of service is addressed. Plaintiff is advised that *if* he is granted IFP status, and *if* he is permitted to proceed with any claims, the court will order service by the U.S. Marshal. Therefore, a motion for service is not necessary.

On July 24, 2023, Plaintiff filed a complaint, which the court will construe as his amended complaint. (ECF Nos. 25, 26.) It appears the complaint was filed twice, but the documents are identical. The court will require the Clerk to strike the duplicative complaint (ECF No. 26).

With respect to his new IFP application, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Plaintiff's latest IFP application is not accompanied by the required jail trust fund account statement for the previous six-month period. Plaintiff will be given one final opportunity to file a completed IFP application with all of the required documents. He is cautioned that a failure to comply with the court's order will result in a recommendation for dismissal of this action.

Finally, once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, the court will screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

**CONCLUSION**

(1) Plaintiff must file a **notice of change of address** within **14 days** of the date of this Order. A failure to do so may result in a recommendation for dismissal of this action under Local Rule IA 3-1.

(2) The **operative complaint** will be Plaintiff's amended complaint at ECF No. 25. The Clerk shall **STRIKE** the duplicative amended complaint at ECF No. 26.

1     (3) The Clerk shall **SEND** Plaintiff, at the **WCDF**, a copy of the instructions and

2 application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to

3 either file his completed IFP application and financial certificate or pay the full $402 filing fee.

4 The IFP application must be accompanied by all of the required documents, including:

5     (a) the completed **<u>application to proceed IFP for an inmate</u>** on the court's

6 approved form (i.e., pages 1-3 with the inmate's two signatures on page 3);

7     (b)  a **<u>financial certificate</u>** properly signed by both the inmate and a prison or jail

8     official (i.e., page 4 of the court's approved form); and

9     (c) a copy of the inmate's jail **<u>trust fund account statement for the previous six</u>**

10     **<u>month period</u>**.

11     If Plaintiff fails to timely file a completed IFP application and financial certificate or pay

12 the filing fee, this court will recommend dismissal of this action without prejudice.

13     (4) Plaintiff's motion for an order that the U.S. Marshal serve the Defendants (ECF No.

14 24) is **DENIED**.

15

16 **IT IS SO ORDERED**.

17 Dated: August 9, 2023

18 _____

19 Craig S. Denney
    United States Magistrate Judge

20

21

22

23