UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HASAN M. DAVIS,<br><br>    Plaintiff<br><br>v.<br><br>RPD TRIPLETT, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00326-RCJ-CSD<br><br>**Order**<br><br>Re: ECF No. 23, 25, 28 |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 28)[1] and pro se amended complaint (ECF No. 25).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

---

[1] Plaintiff's prior IFP application (ECF No. 23) should have been denied without prejudice.

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $55 and his average monthly deposits were $27.50.

Plaintiff's application to proceed IFP is granted. Plaintiff is required to pay an initial partial filing fee in the amount of $11 (20 percent of $55). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

Plaintiff's Amended Complaint names as defendants Reno Police Department Officer Triplett, Reno Police Department, and the City of Reno.

**1. Officer Triplett**

Plaintiff alleges that Officer Triplett used his handcuffs like a knife tearing into Plaintiff's left wrist causing pain and blood to pour from his wrist. In addition, he put an unknown grease substance or chemical into Plaintiff's cut. This occurred during his arrest, and Plaintiff avers that he was not obstructing officers' commands and was compliant at all times.

Construing Plaintiff's pro se allegations liberally, the court finds Plaintiff states a colorable Fourth Amendment excessive force claim by an arrestee against Triplett. *See Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc).

**2. Reno Police Department and the City of Reno**

Plaintiff sues the Reno Police Department and City of Reno. A department of a county, city or town, however, "may not, in the department name, sue or be sued" without statutory authorization. *See Wayment v. Holmes*, 912 P.2d 816, 819, 112 Nev. 232, 238 (Nev. 1996). The Reno Police Department is a department of the City of Reno, and may not be sued without statutory authorization. If a plaintiff improperly names a city or county department that lacks capacity to be sued, the court may order the proper party (generally the county or city) be substituted into the case. *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015).

While the City of Reno may be a proper defendant, a municipality may only be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978)."[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not, however, be sued under a *respondeat superior* theory because it employed an alleged wrongdoer. *Id*. at 603. "A plaintiff must therefore show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id*. (citation and quotation marks omitted, emphasis original).

"To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange,* 6 F.4th 961, 973 (9th Cir. 2021) (*Gordon II*) (internal quotation marks and citation omitted).

Plaintiff's only allegation is that Triplett worked for the Reno Police Department, which is "funded by the City of Reno[.]" He has not included sufficient allegations to hold the city liable under *Monell*. Therefore, the City of Reno (who would be the proper defendant, and not the Reno Police Department) is dismissed, but with leave to amend to attempt to cure this deficiency.

### III. CONCLUSION

(1) Plaintiff's prior IFP application (ECF No. 23) is **DENIED WITHOUT PREJUDICE**.

(2) Plaintiff's current IFP application (ECF No. 28) is **GRANTED**; however, within **30 DAYS** Plaintiff must pay, through NDOC, an initial partial filing fee in the amount of $11. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Washoe County Detention Facility**, 911 E. Parr Blvd, Reno, NV 89512.

(3) Plaintiff is allowed to **PROCEED** with the Fourth Amendment excessive force claim against Triplett in his amended complaint (ECF No. 25).

(4) The City of Reno is substituted as the proper defendant in place of the Reno Police Department; however, the City of Reno is **DISMISSED WITH LEAVE TO AMEND**.

(5) Plaintiff has **30 DAYS** from the date of this Order to file a second amended complaint correcting the deficiencies noted above with respect to the City of Reno. The second amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. If Plaintiff fails to timely file a second amended complaint, this action will proceed only with the Fourth Amendment excessive force claim against Triplett. Alternatively, Plaintiff may file a notice with the court within 30 days indicating that he only wishes to proceed against Triplett.

(6) The Clerk of Court shall **ISSUE** a summons for defendant Triplett, **and deliver the same**, to the U.S. Marshal for service. The Clerk also shall also **SEND** sufficient copies of the amended complaint (ECF No. 25) and this Order to the U.S. Marshal for service on the Triplett. The Clerk shall **SEND** to Plaintiff **a** USM-285 form. Plaintiff has **21 days** to furnish to the U.S. Marshal the required USM-285 form with the relevant information for the defendant. The USM-285 form should be sent to the U.S. Marshal at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, if the defendant was not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

(7) Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service on Triplett must be completed within **90 days** of the date of this Order. If Plaintiff requires

additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(8) Finally, the court notes that Plaintiff has not filed a **notice of change of address** indicating his current address at the Washoe County Detention Facility as previously ordered and as is required under Local Rule IA 3-1. The Clerk shall **SERVE** a copy of this Order on Plaintiff at the Washoe County Detention Facility; however, Plaintiff has **21 days** from the date of this Order to file his **notice of change of address**. If he fails to do so, the undersigned will recommend dismissal of this action without prejudice pursuant to LR IA 3-1.

**IT IS SO ORDERED**.

Dated: September 13, 2023

_____
Craig S. Denney
United States Magistrate Judge