UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HASAN M. DAVIS, <br><br> Plaintiff <br><br> v. <br><br> RPD TRIPLETT, et al., <br><br> Defendants | Case No.: 3:22-cv-00326-RCJ-CSD <br><br> **Order** <br><br> Re: ECF No .32 |

On September 13, 2023, the court issued an order screening Plaintiff's amended complaint. (ECF No. 29.) The amended complaint named as defendants Reno Police Department Officer Triplett, Reno Police Department, and the City of Reno. (ECF No. 25.)

Plaintiff alleged that Officer Triplett used his handcuffs like a knife tearing into Plaintiff's left wrist causing pain and blood to pour from his wrist. In addition, he put an unknown grease substance or chemical into Plaintiff's cut. This occurred during his arrest, and Plaintiff avers that he was not obstructing officers' commands and was compliant at all times. He was allowed to proceed with a Fourth Amendment excessive force claim by an arrestee against Triplett. (ECF No. 29.)

In addition, the court found that the City of Reno, and not the Reno Police Department, may be a proper defendant, but Plaintiff did not include sufficient allegations to state a claim against the City of Reno under *Monell v. Department of Social Services*, 436 U.S. 658, 690-95 (1978). He was given leave to amend to assert a claim against the City of Reno. (*Id.*)

A summons was issued for Triplett (ECF No. 30), but it was returned unexecuted, indicating that the U.S. Marshal was unable to locate Triplett. (ECF No. 31.)

1    On October 6, 2023, Plaintiff filed an amended complaint (ECF No. 32), which the court construes as Plaintiff's second amended complaint (SAC). The complaint names the City of Reno and Officer Matt Durio. The complaint includes essentially the same allegations that were included in the amended complaint against Triplett, but they are now asserted against Durio, and Plaintiff states that he wishes to exclude Triplett as a defendant. Plaintiff states a colorable Fourth Amendment excessive force claim against Durio.

While Plaintiff names the City of Reno in the SAC, there are no allegations against the City of Reno. Plaintiff has one final opportunity to amend to state a claim against the City of Reno under *Monell* as discussed in the order screening the amended complaint. He is not permitted to amend in any other regard.

**CONCLUSION**

(1) The SAC (ECF No. 32) is currently the **operative pleading**.

(2) Plaintiff is permitted to **PROCEED** with his Fourth Amendment excessive force claim against Durio and this action is **NO LONGER PROCEEDING** against Triplett; however, the City of Reno is **DISMISSED WITH LEAVE TO AMEND**.

(3) Plaintiff has **30 DAYS** from the date of this Order to file a third amended complaint correcting the deficiencies noted above with respect to the City of Reno. The third amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court (*i.e.*, Plaintiff must include the allegations of excessive force against Durio as well as any allegations supporting a claim against the City of Reno). If Plaintiff fails to timely file a third amended complaint, this action will proceed only with the Fourth Amendment excessive force claim

against Durio in the SAC. Alternatively, Plaintiff may file a notice with the court within 30 days indicating that he only wishes to proceed against Durio and not against the City of Reno.

(4) The Clerk of Court shall **ISSUE** a summons for defendant Durio, **and deliver the same**, to the U.S. Marshal for service. The Clerk also shall also **SEND** sufficient copies of the second amended complaint (ECF No. 32) and this Order to the U.S. Marshal for service on the Durio. The Clerk shall **SEND** to Plaintiff a USM-285 form. Plaintiff has **21 days** to furnish to the U.S. Marshal the required USM-285 form with the relevant information for the defendant. The USM-285 form should be sent to the U.S. Marshal at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, if the defendant was not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

(5) Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service on Durio must be completed within **90 days** of the date of this Order. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause.

(6) Finally, the court notes that Plaintiff has not filed a **notice of change of address** indicating his current address at the Washoe County Detention Facility as previously ordered and as is required under Local Rule IA 3-1. The Clerk shall **SERVE** a copy of this Order on Plaintiff at the **Washoe County Detention Facility**; however, Plaintiff has **21 days** from the date of this

1  Order to file his **notice of change of address**. If he fails to do so, the undersigned will
2  recommend dismissal of this action without prejudice pursuant to LR IA 3-1.
3      **IT IS SO ORDERED**.
4  Dated: December 1, 2023

                                                 _____
                                                 Craig S. Denney
                                                 United States Magistrate Judge