UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HASAN M. DAVIS,<br><br>    Plaintiff<br><br>v.<br><br>RPD TRIPLETT, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00326-RCJ-CSD<br><br>**Order**<br><br>Re: ECF No. 36 |

On December 1, 2023, the court issued an order screening Plaintiff's second amended complaint finding that Plaintiff stated a Fourth Amendment excessive force claim against Durio, and giving him leave to amend to assert a claim against the City of Reno. (ECF No. 34.)

Plaintiff has filed a third amended complaint (TAC). The TAC only names Reno Police Department Officer Matt Durio as a defendant. The SAC does not include a claim against the City of Reno. In the SAC, Plaintiff alleges that Durio detained him on June 3, 2022, and while handcuffing Plaintiff, he cut Plaintiff's wrist causing him to bleed and smeared an unknown greasy substance into Plaintiff's wound without his consent. (ECF No. 36 at 3.) In Claim 1, Plaintiff alleges that Durio's conduct in applying the handcuffs and subsequently the greasy substance to Plaintiff's wound was objectively unreasonable. Plaintiff also includes Claim 2 which asserts a violation of the Fourteenth Amendment right to be free from punishment, and again asserts that Plaintiff's actions were intended to punish Plaintiff when viewed objectively.

The court does not find that Claim 2 actually asserts a separate claim, but poses another theory of relief. If Plaintiff was a free citizen or arrestee when he was detained and Durio used the alleged force against him, his claim is governed by the Fourth Amendment. *See Graham v.*

*Connor,* 490 U.S. 386 (1989). If, on the other hand, Plaintiff had already been arrested and was detained (such as in the jail), then his claim would be governed by the Fourteenth Amendment. *Kingsley v. Hendrickson,* 576 U.S. 389, 396 (2015). Under either amendment, the standard is one of objective reasonableness. Plaintiff's status can be explored in discovery and then the constitutional amendment will be applied.

As such, Plaintiff's action will proceed with the excessive force claim against Matt Durio, under either the Fourth or Fourteenth Amendment. The summons previously issued for service on Durio was returned unexecuted with a note that service was refused because there was no first name on the summons. The court will have the summons re-issued and service attempted with the full name of the defendant.

## CONCLUSION

(1) This action will proceed with the excessive force claim against Matt Durio under either the Fourth or Fourteenth Amendment in the TAC (ECF No. 36).

(2) The Clerk of Court shall **ISSUE** a summons for defendant Matt Durio, **and deliver the same**, to the U.S. Marshal for service. The Clerk also shall also **SEND** sufficient copies of the TAC (ECF No. 36) and this Order to the U.S. Marshal for service on Matt Durio. The U.S. Marshal shall attempt to serve Matt Durio at the address previously provided by Plaintiff on the USM-285 form. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if Matt Durio was not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

(3)  Plaintiff has **90 days** from the date of this Order to complete service on Matt Durio. Fed. R. Civ. P. 4(m). If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(4) Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. If Plaintiff electronically files a document with the court's electronic filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. If Plaintiff mails the document to the court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

**IT IS SO ORDERED**.

Dated: January 11, 2024

_____
Craig S. Denney
United States Magistrate Judge